(43 App. Div. 449.)

### CHARMAN v. HIBBLER.

(Supreme Court, Appellate Division, Second Department.    October 3, 1899.)

EXPERT EVIDENCE—VALUE—OTHER PROPERTY—COMPARISON.
    Evidence of experts as to the value of land three-quarters of a mile distant cannot be admitted to prove the value of property in controversy.

Appeal from special term, Westchester county.

Action by May Charman against Maria E. Hibbler, individually and as executrix, etc., of Joseph S. Hibbler, deceased.    From a judgment in favor of plaintiff, and from orders denying a new trial and amending the verdict, defendant appeals.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John J. Crawford, for appellant.
Everett P. Wheeler, for respondent.

WILLARD BARTLETT, J.    The character of this action and the facts sufficiently appear from the opinion written upon the previous appeal.    Charman v. Hibbler, 31 App. Div. 477, 52 N. Y. Supp. 212. The impression which we received upon the oral argument, that the judgment would have to be reversed because evidence was admitted in violation of the rule laid down in the case of Jamieson v. Railway Co., 147 N. Y. 322, 41 N. E. 693, has only been strengthened and confirmed by an examination of the record, and further consideration of the points made by the counsel.    It is true, as argued in the supplemental brief for the respondent, that the question of evidence which arises here is not precisely the same as the question which was considered and determined in the Jamieson Case.    It seems to us quite clear, however, that the principle which led to the reversal of the judgment in that case on account of the admission of evidence which was held to have been improperly received required the exclusion of the proof which was admitted in the present action in regard to the value of pieces of property other than the premises in controversy.    The witnesses who were called by the plaintiff to give opinion evidence as experts in real-estate values were allowed to testify to their opinions in regard to the value of unrestricted property on the Boston Post Road, three-quarters of a mile distant from the lands which the plaintiff purchased from the defendant. This testimony was taken over the objection of the defendant that it was not competent to ask the opinion of a witness as to the value of other property, and especially of other property so far removed from that which was the subject-matter of the litigation.    The objection was overruled, and the defendant excepted.    We deem the exception fatal.    The objection which the court of appeals has re-

peatedly held to be conclusive against this class of testimony is that its reception brings into the case collateral issues relative to the value of lands not involved in the suit. Evidence of this character, under the doctrine asserted in the line of cases to which we refer, is deemed to be of little or no probative force for the purpose of ascertaining the value of the particular land to which the litigation relates. In the Jamieson Case the plaintiff called the owners of property in the vicinity of his building, and proved by each what the particular premises owned by the witness rented for before the road was built, and what they rented for afterwards. He thus sought, as Judge Finch points out in his opinion, to prove the evil effect of the elevated railroad in diminishing values. This was merely one way of proving the diminished value of his own building, by showing the diminished value of other similar buildings in the vicinity. The court of appeals, however, distinctly held that such a course of procedure was not permissible. "Each piece of evidence," it said, "raised a collateral issue, and left the court to try a dozen issues over as many separate parcels of property." Evidence may be received as to the general course and current of values, by witnesses qualified to testify on the subject; but the question of the specific value of other pieces of property, if gone into at all, must be reserved for the cross-examination of such persons. In Witmark v. Railroad Co., 149 N. Y. 393, 44 N. E. 78, the questions set out in respondent's supplemental brief as having been sanctioned by the court of appeals related to the general course of fee and rental values on Eighth avenue and three cross streets, and did not call for any evidence as to the value of particular pieces of property other than that directly in controversy. Indeed, the court in that case reaffirms the decision in the Jamieson Case, and points out that it is designed to prevent the introduction of collateral issues relating to other parcels of property. "There is no general or well-defined principle of the law of evidence that enables a party to establish the value of some particular or specific thing by proof of the value of another thing of the same class or general character," says O'Brien, J. "It would scarcely be claimed that, in a controversy concerning the value of a horse, such value could be established by proof of the value of another horse that bore more or less resemblance or possessed some or all of the qualities of the one in question, according to the varying notions of witnesses. A party upon whom the burden rests of proving the value of particular property, real or personal, must ordinarily confine the proof to the specific property in controversy. Cases may doubtless be found where, in other jurisdictions, and in special statutory proceedings for determining the value of real property, more or less support is given to the contention of the plaintiff's counsel. But in most, if not all, of them, it will be found that the inquiry was not governed by the rules of evidence that prevail at common law." Further on, discussing the objections to the practice which was condemned in the Jamieson Case, Judge O'Brien says:

"The extent of the investigation would be subject to no limits except such as might be prescribed by the discretion of the trial court, and, even when

it could be shown that the property was substantially similar as to locality and physical surroundings, yet different parcels of property are affected in their value by so many different causes that in the end there must be left a wide field for conjecture and speculation."

The question in Kopetzky v. Railway Co., 159 N. Y. 539, 53 N. E. 1127, cited in respondent's supplemental brief, also called only for the knowledge of the witness as to the general course of values in certain localities, although his answers may have been more specific than were called for by the interrogatory. And in O'Sullivan v. Railroad Co., 20 App. Div. 384, 46 N. Y. Supp. 784, the testimony received as to rental values was held to have been admissible only because the plaintiffs kept themselves scrupulously within the rule laid down in the Jamieson Case, and confined themselves strictly to showing the general course and current of values by persons competent to speak.

Finally, it may be observed that the testimony received in the case at bar as to the value of unrestricted lots on the Boston Post Road would be deemed objectionable even in those jurisdictions in which the value of one piece of property is provable by evidence as to the value of other pieces similarly situated. Even then the proof in respect to such other property is limited to facts,—such, for example, as actual sales of other similar land in the vicinity. The opinions of witnesses as to the value of other lands are not admissible. Shattuck v. Railroad Co., 6 Allen, 115. And see Thompson v. City of Boston, 148 Mass. 387, 19 N. E. 406.

Judgment reversed, and new trial granted; costs to abide the event. All concur.