I. OSGOOD CARLETON et al., Respondents, *v.* LOMBARD, AYRES & Co., Appellant.

*Carleton* v. *Lombard, Ayres & Co.,* 19 App. Div. 297, affirmed.
(Argued February 15, 1900; decided March 27, 1900.)

APPEAL from a judgment and order of the Appellate Division of the Supreme Court in the first judicial department, entered, respectively, July 1 and June 29, 1897, affirming a judgment in favor of plaintiffs, entered upon a verdict, and an order denying a motion for a new trial.

*Albert B. Boardman* and *Benjamin F. Tracy* for appellant.

*R. Burnham Moffat* for respondents.

Judgment and order affirmed, with costs, on opinion below.
GRAY, O'BRIEN, HAIGHT, LANDON and WERNER, JJ., concur; PARKER, Ch. J., not sitting; CULLEN, J., reads memorandum for reversal.

# MEMORANDA.

CULLEN, J. (dissenting). This case has been in litigation so long and tried so often that I should be unwilling to reverse the judgment for any slight error that may have taken place on the trial. But in my judgment the ruling of the trial court excluding the offer of defendant to prove any damage occurring to the oil while on shipboard was erroneous, and its effect on the recovery may have been substantial. The judgment in the action of Graham & Company against the present plaintiffs was conclusive evidence in this action of the fact that the oil was unmerchantable when delivered by this defendant. It is entirely possible, however, that the oil, though unmerchantable, may have been damaged in transportation from extraneous causes. In the suit of Graham & Company against the plaintiffs, such loss would necessarily fall upon the plaintiffs in this action, for, on account of the oil being unmerchantable, the title thereto did not pass from the plaintiffs to Graham & Company; in other words, the loss would fall on the owner of the property. In that action the issue as to the damage that the oil received by its transportation was litigated and could have been litigated only to a limited extent; that is to say, it was material to determine whether the condition (concededly bad) in which the oil reached its destination was due solely to the damage received during the voyage, or whether the oil was originally unmerchantable. The judgment necessarily determined that transportation did not make good oil bad, but it did not determine that bad oil was not made worse. This action is on the defendant's warranty, and it is unquestioned that the title passed on the delivery by the defendant to the plaintiffs. The defendant is liable for all damages that accrued to the plaintiffs from the defective character of the article furnished; but I do not see how it can be held liable for damage or deterioration of the oil proceeding from other causes. Therefore, I feel constrained to vote for reversal of the judgment.