(54 App. Div. 61.)

### CHARMAN v. TATUM.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

1. COVENANTS—ACTION FOR BREACH—VERDICT.

Where, in an action to recover for breach of covenant against incumbrances, the court submits to the jury to determine the difference between the value of the land sold subject to the restrictions complained of and its value free from such restrictions, and they specify a certain sum, without stating that it was worth that sum less because of the restrictions, such verdict is not too indefinite for the basis of a judgment for plaintiff.

2. SAME—DAMAGES—RECOVERY OF COUNSEL FEES.

Where property is conveyed as free from restrictions, and the grantee is forced to defend an action because of incumbrances on it, that a part of the property was purchased from another does not relieve the grantor from defending the title under his covenant, when notified of the bringing of such action against his grantee; and, failing to so do, he is properly chargeable with the costs and reasonable counsel fees incurred by grantee in defending the action.

3. SAME—VALUE OF ATTORNEY'S SERVICES—QUESTIONS FOR JURY.

In an action for breach of covenant against incumbrances, grantee is not entitled to recover the counsel fees which he paid in an action against him, but only what the attorney's services in defending his title were reasonably worth, to be determined by the jury.

4. SAME—EXPERT EVIDENCE—CONCLUSIVENESS ON JURY.

Where a grantee sues for breach of covenant against incumbrances, claiming counsel fees incurred in an action in defending his title, the jury are not restricted, in their estimate of the value of such fees, to the amount testified to by experts.

5. SAME—INTEREST ON ATTORNEY FEES.

In an action for breach of covenant against incumbrances, wherein grantee claims counsel fees incurred in defending an action against incumbrances, interest may be allowed him from the time the action was commenced on the amount found due him for such fees, where he had paid a much larger sum than allowed by the jury.

6. SAME—EVIDENCE—PROFESSIONAL COMMUNICATIONS.

In an action by a grantee for damages for breach of covenant against incumbrances, evidence as to what grantee's attorney discovered in examining the title, or what communications he had with him in respect thereto, is inadmissible. Such communications were privileged.

Appeal from special term, Westchester county.

Action by May Charman against Charles A. Tatum, as executor of the will of Maria E. Hibbler, deceased. From a judgment for plaintiff and from an order denying motion for a new trial, both parties appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Everett P. Wheeler, for plaintiff.
John J. Crawford, for defendant.

WOODWARD, J. This action has been tried three times, and on two previous occasions has been reviewed, and the suggestion of plaintiff's counsel that "there ought to be an end to this litigation" appeals strongly to this court. May Charman, the plaintiff, purchased of Maria E. Hibbler, since deceased, and whose executor is the defendant now before the court, a certain parcel of land in Larchmont, Westchester county. The land was subject to a stringent covenant,

restricting its use in many particulars, but the deed to the plaintiff conveyed the premises free of incumbrances, and this action is brought to recover for a breach of the covenant. The plaintiff, it is claimed, in ignorance of the restrictions upon the land, constructed a private summer hotel upon the premises, and was subsequently involved in a litigation, in which an injunction issued, restraining her from using the property for the selling "or disposing of intoxicating liquor on her said premises in Larchmont to any persons except the guests of her house, and her or their invited friends; and that such liquors be served only with their meals, or in their private rooms." The defendant concedes that there is a technical violation of the covenant against incumbrances, but urges that there is no evidence of any special damages, and that the court should have directed a verdict for nominal damages. It is also suggested by the defendant that, as the hotel of the plaintiff was constructed upon lands a portion of which was purchased of another grantee, and which were likewise subject to the same restrictions, the defendant cannot be charged with the costs and disbursements of defending the action brought for the purpose of securing an injunction. The plaintiff, on the other hand, urges that not only the costs and disbursements, but the full amount of money paid to plaintiff's counsel in defending the injunction action, should have been allowed. We are asked to disregard the verdict of the jury as to the fair value of the services rendered in that action, and to amend the judgment so as to include the $5,000 which, it is undisputed, was paid for counsel by plaintiff. The jury found that the fair value of the services was $1,500, and interest upon this amount from the time of the commencement of the action was allowed upon motion of the plaintiff's counsel.

On the second review of this case (43 App. Div. 449, 60 N. Y. Supp. 186), it was held that it was improper to admit expert opinions relative to the value of unrestricted property three-quarters of a mile distant from the locus in quo, and on another road, for the purpose of arriving at the damages alleged by the plaintiff. Upon the present trial the evidence was strictly confined to placing before the jury the location of the property, its environment, and other matters which would ordinarily be taken into consideration by a dealer in real estate in arriving at values; and the question, "What was the difference, on February 21, 1895, between the value of the land sold by defendant to plaintiff, subject to the restrictions mentioned, and the value of said land free and clear from such restrictions?" was submitted to the jury. While the verdict did not declare in exact language that the value was $1,200 less by reason of the restrictions, there is no reason to suppose that there was any misunderstanding upon the part of court or counsel as to the meaning of the answer returned by the jury to the question, and the evidence is sufficient to support the verdict. There can be no doubt that an unrestricted right to the use of a piece of property in the midst of a tract of land restricted in its use to private residences would be of greater value than the same property under restrictions; and, while the evidence must, of necessity, be less certain than upon other matters capable of accurate determination, the plaintiff cannot be denied the right to recover the damages she

has sustained by reason of the restrictions. She had a right to the property under the terms of her deed, and the jury, knowing the location and environment, were the proper judges of the difference in value between the property described in her deed and the property which she actually received. See, also, same case, 31 App. Div. 477, 52 N. Y. Supp. 212.

We are of opinion that the fact that the hotel was constructed upon a part of two parcels, one of which was purchased of a grantee other than the defendant, did not relieve the defendant of the duty of defending the title under the covenants in the deed of conveyance to the plaintiff, when notified of the bringing of the action for an injunction by one Murray, and on being asked to come in and defend. Having failed to comply with this request, the defendant is properly chargeable with the costs and the counsel fees reasonably incurred in defending the Murray action. The plaintiff is fairly entitled to the unrestricted use of her property, or the damages resulting from a breach of the covenant against incumbrances, and, having been forced to defend an action by reason of the incumbrances upon her property, she may fairly demand that the expenses of this litigation shall be borne by the defendant, in so far as they are just and reasonable.

This brings us to the consideration of the proposition urged by the plaintiff that she is entitled to the full amount of counsel fees actually paid in this Murray litigation, amounting to $5,000. The authorities are not quite clear upon this point, but we are of opinion that it would open the way to much of injustice if litigants in the position of the plaintiff were permitted to pay such counsel fees as they might choose, and to collect the same from those who owed the original duty of defending the action; for, as Rawle, in his Covenants for Title (section 198), suggests: "These expenses, incurred by the party for his satisfaction, vary so much with the character and eminence of counsel, that it would be dangerous to impose such a charge upon an opponent." We think, as suggested in Armstrong v. Percy, 5 Wend. 535, 539, that "the extent of the plaintiff's right to damages could not be conclusively settled by the sum which he agreed to allow or had actually paid Milligan, but by the amount that Milligan could have recovered against him." This would seem to be a fair rule in the present case. The defendant should be called upon to pay, not what the plaintiff may have paid to her counsel, but what she could have been legally compelled to pay,—what the services were reasonably worth; and this was a question for the jury to determine upon the evidence before them. This rule seems to be conceded by plaintiff's counsel, but he urges that, inasmuch as the expert witnesses agreed in their testimony that the services were fairly worth the sum of $5,000, there was no question for the jury to determine; that they were bound by the evidence to find for the plaintiff in the sum of $5,000. The nature and extent of the services were in evidence, and it was the province of the jury to weigh the testimony of the attorneys as to the value of the services by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge

of the character of such services.   As was said by the court in Head
v. Hargrave, 105 U. S. 45, 49:

"The evidence of experts as to the value of professional services does not
differ, in principle, from such evidence as to the value of labor in other de-
partments of business, or as to the value of property.   So far from laying aside
their own general knowledge and ideas, the jury should have applied that
knowledge and those ideas to the matters of fact in evidence in determining
the weight to be given to the opinions expressed; and it was only in that way
that they could arrive at a just conclusion."

We see no objection to the judgment allowing interest from the
time the action was commenced upon the amount found to be due
to the plaintiff for counsel fees.  She had paid a sum much larger
than that found by the jury, and justice would seem to require that
her allowance should not be cut down more than has already been
done by the verdict of the jury.   McCollum v. Seward, 62 N. Y. 316.
In the case cited it was held that "the allowance of interest on the
plaintiff's claim from the time of the commencement of the suit,
although the amount was then unliquidated, was proper, under the
recent authorities upon the subject."   See Mercer v. Vose, 67 N.
Y. 56.

We are of opinion that it was not error to exclude evidence of Mrs.
Charman's counsel as to what he discovered in examining the title
for the plaintiff.   He was acting in a professional capacity, and what-
ever he may have discovered in relation to the restrictions, or what
communication he may have made to her in respect to the same, were
privileged, and could not properly appear in evidence to her prejudice.

After a careful examination of the authorities cited in support of
the various propositions urged in behalf of both parties, we are con-
vinced that the case has been fairly tried, and intelligently disposed
of, and that no substantial rights of either party have been disregard-
ed.   The judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs.   All concur.