## JETTER v. ZELLER.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

1. EVIDENCE—SERVICES OF ATTORNEY—VALUE.

Where, on a counterclaim for attorney's services, the nature and character of the services were detailed by defendant to the jury, and the only evidence as to the value of the services was that introduced by defendant and his expert, the jury was not bound to accept their estimate of the value of the services, but was authorized to allow defendant a less sum therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2431.]

2. SAME—RELEVANCY—EVIDENCE OF ADVERSE PARTY.

Where, on a counterclaim for attorney's services claimed to have been performed in relation to obtaining certain corporate stock for plaintiff, defendant testified concerning the bringing of the action with reference to such stock himself and brought such action into the case without objection, he could not object to the admission of evidence showing that he had nothing to do with the transaction as plaintiff contended.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 445.]

Appeal from Trial Term, New York County.

Action by Jacob E. Jetter against Lorenz Zeller. From a judgment in favor of plaintiff, and from an order denying defendant's motion to set aside the verdict, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Edward Michling, for appellant.

Maxwell C. Katz, for respondent.

HOUGHTON, J. The action is for the recovery of $2,000 loaned by plaintiff to defendant. The answer does not deny the borrowing of the money, but pleads a set-off and counterclaim of $10,000 for professional services rendered as attorney, and asks judgment therefor. On the trial the defendant proved the performance of certain services, and testified to their value, and was supported as to such value by one expert. The plaintiff denied the performance of any services, or any retainer of defendant by him, and introduced no evidence of value. The jury by their verdict allowed defendant $1,000 because of such services, and gave plaintiff a verdict for the balance of his claim.

The defendant asserts that, because the jury gave him something, they should have given him all he proved his services to be worth, because there was no other proof of value submitted to them. The nature and character of the services were detailed by the defendant to the jury, and they were not bound to accept his estimate of their value, or that of his expert; but in connection with such evidence they could apply their own judgment and experience and determine the value accordingly. Charman v. Tatum, 54 App. Div. 61, 66 N. Y. Supp. 275. In this respect, therefore, there was no error calling for a reversal of the judgment.

The defendant urges, however, that it was improper to permit evidence of the bringing by Caroline Hachemeister, of an action to recover the brewing stock which she had turned over to her children,

plaintiff's wife, and her brother, because of alleged fraud in inducing her so to do. The services which the defendant claimed to have performed for the plaintiff were in relation to obtaining this stock. The defendant produced as a witness one Kugelman, who was secretary and attorney of the brewing company, for the purpose of proving the transfer of the stock to the children, and from plaintiff's wife to himself, and also to testify to certain admissions of plaintiff that he owed defendant for services and had made an offer of adjustment thereof. On cross-examination the plaintiff asked this witness if he himself, as attorney for Caroline Hachemeister, had not brought the action to recover back for her this same stock, which plaintiff claimed he had procured for the children, and particularly plaintiff's wife; and, over defendant's objection, he was permitted to testify that he had, and that he had prepared affidavits to obtain an injunction against the defendants to prevent disposition of the stock, and that on that motion defendant made no affidavit, and, so far as appears, did not, claim to know anything respecting the transfer from Caroline to her children, or its fairness, or the circumstances under which it was done. The defendant testified that he or his firm opposed this motion, and that his firm appeared for the defendants in the action, and that the affidavit of one Von Bernuth was presented to the court, in which he swore that the proposition to give the stock to the children came from the mother, as the result of a discussion with himself. Previous to this testimony the defendant had testified, without objection, that this action had been brought.

Whether or not the fact of the bringing of this action had any bearing upon the issues being tried, it had thus been brought into the case without objection, and appeared as a fact testified to by defendant himself. That the defendant made no affidavit as to the fairness of his alleged negotiations with Mrs. Hachemeister, which he claimed brought about the transfer of the stock, was a pertinent fact bearing upon the question as to whether he had had anything to do with such transfer. If the defendant was the procuring cause, such an affidavit would have been most natural, and the fact that he used the affidavit of another, which stated that that other person was the procuring cause, or that it was done voluntarily by the plaintiff, was also significant. Both facts tended to support the contention of the plaintiff that the defendant had nothing to do with the transaction.

Our conclusion is that there was no error in the admission of evi-. dence which calls for a reversal of the judgment. It should be affirmed, with costs. All concur.