JOHN W. OLMSTEAD, Respondent, *v.* EDMUND G. RAWSON, Appellant.

WARRANTY DEED — ACTION UPON COVENANTS THEREOF TO RECOVER AMOUNT OF DOWER AND COSTS PAID IN ACTION FOR DOWER DEFENDED BY GRANTEE — WHAT GRANTEE MAY RECOVER. Where it was determined in an action to enforce a widow's right of dower in premises, held by a grantee under a deed containing covenants of warranty and quiet enjoyment, that the widow was entitled to dower as claimed, and that her claim could not be properly satisfied by setting off to her any part of the premises, and, the widow having filed a consent to take a gross sum in lieu of dower, a judgment was entered directing a sale of the property in accordance with the statute (Code Civ. Pro. §§ 16, 17, etc.), the sale under such judgment did not operate as an absolute and total eviction of the grantee from the entire premises; it was simply a method of procedure by which there was a substitution of the proceeds of the land in the place of the land itself, actual partition thereof being impracticable,

so that the proceeds could be divided between the widow and the grantee, according to their respective interests, after the value of the widow's right of dower therein had been ascertained; the grantee of such premises cannot recover, therefore, in an action brought against his grantor upon the covenants in his deed, the entire purchase price paid for the premises, together with his costs and disbursements incurred in defending the action for dower. Where, however, notice was given to the grantor to defend in the dower action, and upon his failure so to do the grantee defended in good faith, the latter may recover the amount paid to the widow for her right of dower and the costs and disbursements allowed and paid to her in the action for dower, also his own costs and disbursements in defending such action and the referee's fees and expenses therein, together with interest on each item from the date of sale, except the item of his own costs and expenses, and upon that from the date of judgment in the action for dower.

*Olmstead* v. *Rawson,* 110 App. Div. 809, modified.

(Argued April 12, 1907; decided May 28, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 15, 1906, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Nash Rockwood* for appellant. The court adopted an improper measure of damages in relation to the three lots affected by the widow's right of dower. ( *Wager* v. *Schuyler,* 1 Wend. 553; *Patrie* v. *Folz,* 22 J. & S. 223; *Dimmick* v. *Lockwood,* 10 Wend. 142; *Andrews* v. *Appel,* 22 Hun, 429; *Grant* v. *Tallman,* 20 N. Y. 191; *Hunt* v. *Raplee,* 44 Hun, 149; *Morris* v. *Phelps,* 5 Johns. 49; *Giles* v. *Durgo,* 1 Duer, 331; *Hymes* v. *Esty,* 133 N. Y. 347; *Staats* v. *Ten Eyck,* 3 Caines, 111.)

*Fred Linus Carroll* for respondent. The trial court adopted the correct rule of damages. ( *Hymes* v. *Esty,* 133 N. Y. 342; *U., C. & S. V. R. R. Co.,* v. *Gates,* 8 App. Div. 181; *Jenks* v. *Quinn,* 61 Hun, 427; 137 N. Y. 223; *Churman* v. *Hibbler,* 31 App. Div. 477; *Lourman* v. *Jarvie,* 82

App. Div. 37; *Du Bois* v. *Hermance*, 56 N. Y. 673.) The claim that the plaintiff, respondent, holds the equitable title to lot No. 70, the east half of lot No. 71 and lot No. 108 in the name of Hiram McCuen, is not supported by the evidence. (*Cowdry* v. *Coit*, 44 N. Y. 382.)

HISCOCK, J.  Respondent recovered in this action substantially the entire purchase price paid for premises conveyed to him by defendant, with interest and various costs and expenses as damages, for a breach of covenants of warranty and of quiet possession contained in the conveyance of said premises. Damages have been allowed upon the theory of an entire failure of title to part of the premises and of a complete eviction from the balance. We think that the judgment awarded was so erroneous with respect to the latter branch of the case that it must be modified.

January 13, 1902, the appellant and his wife executed a deed whereby, in consideration of the sum of $1,183.00, they purported to convey to respondent lots Nos. 70, 108, 109 and one-half of lot No. 71 in the town of Benson, Hamilton county. As already stated, said conveyance contained a covenant of warranty and also of quiet enjoyment. The trial justice found that the appellant never had title to lot 109, and that respondent never obtained possession thereof, and that, therefore, the latter was entitled to recover of the former in this action the proportionate purchase price and value of said lot, which was fixed at $480.00, with interest, from the date of payment of the consideration. The findings with respect to this lot are not seriously challenged or criticised except as they relate to the proportion of the purchase price to be recovered on account thereof, and we do not think that the criticisms upon this point have any substantial merit.

After respondent had entered upon possession of the balance of the premises covered by his deed, one Mrs. Rhodes commenced an action against him asserting a right of dower in said balance of said premises. He caused a copy of the summons and complaint in such action to be served upon this appellant, together with notice of action and demand

that he appear therein and defend. This the latter refused
to do. Respondent then appeared and defended in the
action, but Mrs. Rhodes established her claim of dower, and
as we may assume, it having been duly determined that such
claim could not be properly satisfied by setting off to her
any part of the premises, and she having filed a consent to
take a gross sum in lieu of dower, judgment was entered
directing a sale of the premises in accordance with the provi-
sions of the Code upon that subject. (Code Civ. Pro. sect.
1617, etc.) Upon the sale had in accordance with such judg-
ment the premises realized the sum of $481.00. The dower
of the plaintiff in that action was fixed at $212.45, and the
balance of the proceeds so appropriated to the payment of
costs and expenses that there remained a balance of only
$14.09 to be paid to the respondent in this action on account
of his interest, and he has been allowed to recover the entire
amount of the purchase price of said premises with interest
less this $14.09, and in addition upwards of $200 costs and
disbursements incurred in that action.

Such a result as is above stated could only be reached by
treating the sale under the judgment in the dower action as a
complete and entire eviction of respondent from the premises
affected thereby. That this theory was adopted is made evi-
dent by the finding of the learned trial judge that said
premises "were sold pursuant to said decree and judgment
(in the dower action) by the referee therein named at public
sale * * * to one Hiram McCuen, who immediately
entered into and upon the said premises and ejected and
removed the said plaintiff from the possession and occupation
of the same with the appurtenances thereto, and that said
McCuen has ever since continued in possession of said premises
under such paramount legal title and excluded said plaintiff
from the possession and occupation theeof." Due considera-
tion demonstrates that this theory in regard to the effect of
the claim of dower right and of the judgment determining
and providing for the satisfaction of the same is erroneous.

The plaintiff under her claim was entitled to possession of
a third of the premises for life or to some gross sum in lieu

thereof. If her rights had been satisfied by setting off to her
a certain portion of the premises it is clear that plaintiff would
have suffered an eviction only to the extent of the premises
so set off. The premises, however, apparently were of such a
character that it was not practicable to pursue this course and,
therefore, the other course sanctioned by the Code was adopted
of adjudging a sale of the entire premises in order that a
proper proportion of the proceeds of the premises, instead of
the premises themselves, might be devoted to the satisfaction
of the claimant's rights. But such sale did not, as has been
determined by the learned courts below, operate as an evic-
tion of plaintiff perpetually and absolutely from all of the
premises. It was simply a method of procedure adopted for
the purpose of satisfying the rights of various parties inter-
ested in the premises through the distribution and division of
the proceeds thereof, the actual partition of the premises them-
selves being impracticable. That this sale did not operate
as a total eviction of respondent is made clear by section
1624 of the Code of Civil Procedure, and the final judgment
therein provided for to the effect that "upon confirming the
sale, the court must ascertain, by a reference or otherwise, the
rights and interests of each of the parties in and to the proceeds
of the sale, and also what gross sum of money is equal to the
value of the plaintiff's dower in the net proceeds of the sale,
calculated upon the principles applicable to life annuities." It
is still further made evident by the fact appearing in this case
that respondent has received certain proceeds of the sale in the
place of his recognized interest in the land. The Code pro-
vides for and there has been a substitution of proceeds in the
place of the lands which produced those proceeds, and of course
this is a complete answer to the proposition that respondent
had been entirely excluded from and had lost all of his inter-
est in the premises through the dower proceeding.

Readily reaching this conclusion we then come to a consid-
eration of the items for which respondent should be allowed
to recover.

As already indicated, there is not presented upon this appeal
any reason why he should not be allowed to recover for the

proportionate value of lot No. 109, of which he never obtained possession, together with interest. He also should be allowed to recover, with interest from the date of sale, the amount allowed to Mrs. Rhodes for her dower right. It would appear that her dower right has been fixed at a larger sum than was proper. But whether this is so' or not, we think that appellant should be bound by the judgment in the dower action in respect to this item, and that neither legally nor equitably is he entitled to any relief in respect thereto. He had full notice of the commencement of the action and was properly requested to defend the same, and having seen fit to ignore the action, with the covenants of warranty and quiet possession outstanding against him, he is not entitled to any particular sympathy if a judgment has been rendered which is unduly unfavorable to him.

There is nothing before us to indicate that the respondent did not properly and in good faith defend the dower action. Some complaint is made because he did not accept Mrs. Rhodes' offer to take a gross sum in lieu of dower and thereby settle and terminate that action. But especially in view of the notice which had been served upon appellant to take charge of the defense, we do not think it can be said as matter of law that respondent was bound to settle rather than litigate and compel proof of this claim. Under those circumstances, respondent should be allowed to recover in this action the costs allowed to plaintiff in the dower suit, his own proper and legal costs, disbursements and expenses in defending said action, the referee's fees and expenses of sale, with interest from the date of sale upon each item, except that of his own costs and disbursements, and upon that from the date of judgment in the dower suit, February 1, 1904. These various items upon the present trial have been fixed, respectively, at $107.74, $218.72, $38.82 and $10. Upon the present trial it also appears that there was allowed from the proceeds of the sale, which amounted to the same as payment by respondent, the sum of $32.65 for taxes.

The judgment should be modified by reducing the amount of the judgment of the Trial Term of the Supreme Court to

the sum of one thousand three hundred forty-five dollars and twenty cents ($1,345.20) as of the date of the entry thereof, to wit, May 4th, 1905, and as so modified the judgment is in all things affirmed, with costs to the respondent in the Appellate Division, but without costs in this court to either party.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT and VANN, JJ., concur; CHASE, J., not sitting.

Judgment accordingly.