MADISON COUNTY CONSTRUCTION COMPANY, INC., Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 25687.)

Court of Claims, December 18, 1941.

*Clasen & Smithler*, for the claimant.

*John J. Bennett, Jr., Attorney-General [Burns F. Barford, Assistant Attorney-General*, of counsel], for the defendant.

BARRETT, P. J.   On August 6, 1937, claimant executed a contract with the State for the construction of a highway in Jefferson county. On August 23, 1937, claimant was notified by the Department of Public Works of the approval of the contract, directed to start work immediately and to notify the district engineer at Watertown when claimant was about to commence operations.   After notice to the district engineer, work was begun and continued under the supervision of the engineer until its completion on November 5, 1938.   On November 16, 1938, the highway, as completed, was accepted by the State.   On May 3, 1938, the Watertown National Bank, as successors, trustees and administrators with the will annexed of Ursula W. Totman, deceased, and Ruth T. Manning, brought an action in the Supreme Court to eject claimant from their lands and obtained a temporary injunction against claimant, restraining it from proceeding with its work under the contract.

Notice of said action and said injunction was given to the Attorney-General, the Department of Public Works and the county of Jefferson by claimant's attorneys and it was demanded that said State and county officials come in and defend the action. On May 6, 1938, claimant, after it had been suggested by the State, secured a modification of the injunction *pendente lite* so as to permit claimant to proceed with the work.   On May 13, 1938, the Attorney-General, by an assistant, in a letter to the claimant, stated in substance that he was referring the matter to the title bureau of his office for investigation and that perhaps in the near future the State would be interpleaded.   Again on June 1, 1938, the Attorney-General, by another Assistant Attorney-General, wrote

claimant's attorneys stating, in substance, that it was the writer's intention to move to vacate the injunction and suggesting various arrangements for the hearing of said motion. So far as appears, no such motion was made. The case came to trial at a Special Term of the Supreme Court at Watertown on June 13, 1938, before Mr. Justice KINGSLEY. Neither the State nor the county participated in the trial. On March 15, 1939, decision was rendered in favor of plaintiff and against claimant, awarding plaintiff nominal damages and costs and holding that claimant, in the performance of its work, was trespassing upon plaintiff's lands. Before the work was commenced, engineers for the State had staked out the new road and it was upon that portion so staked out by the engineers that claimant was working when it was enjoined and it was upon that portion that it was decided claimant was trespassing. On December 28, 1939, judgment was entered in favor of plaintiff and against claimant for six cents damages and $168.32, costs as taxed. The State and county were duly notified of said decision and of the entry of judgment thereon, but no steps were taken to acquire the lands or to appeal the judgment or to pay claimant for the damages sustained. By the failure to give to claimant the site of the work, the State breached the contract, thereby causing claimant to be delayed in the performance thereof and claimant is entitled to compensation therefor. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205; *Schunnemunk Construction Co.* v. *State of New York*, 116 Misc. 770; *Wright & Kremers, Inc.*, v. *State of New York*, 263 N. Y. 615.)

Among the damages claimed were those for costs, legal fees and disbursements incurred in defending the action in the Supreme Court. Ordinarily, costs and expenses incurred in a prior action are not recoverable in a separate and subsequent action, but there are exceptions to such rule. (*Agostini* v. *State of New York*, 255 App. Div. 264; *Cooper* v. *Weissblatt*, 154 Misc. 522.) In the last cited case it was said: " There are also cases where a breach by the defendant of a contract between him and the plaintiff has resulted in a judgment being obtained against the plaintiff in a prior action. In these cases the plaintiff has been permitted to recover of the defendant, in a subsequent action, the amount of damages awarded against him in the prior action, and also the legal expenses incurred by him in defending that action, especially where the defendant has been requested to come in and defend. Cases of this type are: *Carleton* v. *Lombard, Ayres & Co.* (19 App. Div. 297; affd. on opinion below, 162 N. Y. 628); *Dubois* v. *Hermance* (56 id. 673). The theory of such cases seems to be that the defendant must be deemed to have contemplated

that the breach of his contract with the plaintiff might subject the latter to damages in an action by a third party, and, therefore, he is deemed in law to have impliedly agreed to become responsible therefor; or at least that such damages must be deemed to have been within his contemplation as naturally flowing from his own breach of contract." (See, also, *Hynes* v. *Patterson*, 95 N. Y. 1.) In 25 C. J. S. (§ 50, subd. c, p. 534) it is said: "Where the natural and proximate consequence of a wrongful act has been to involve plaintiff in litigation with others, there may, as a general rule, be a recovery in damages against the author of such act of the reasonable expenses incurred in such litigation, together with compensation for attorneys' fees, and such costs as may have been awarded against plaintiff; but such expenses must be the natural and proximate consequence of the injury complained of, and must have been incurred necessarily and in good faith, and the amount thereof must be reasonable."

In *Charman* v. *Tatum* (54 App. Div. 61; affd., 166 N. Y. 605) plaintiff purchased lands subject to covenants restricting their use in certain particulars but the deed thereto conveyed the premises free from incumbrances. Plaintiff, in ignorance of such restrictions, constructed a hotel on said lands and was subsequently involved in litigation with a third party, in which an injunction was issued restraining plaintiff from certain uses of the hotel. One of the parcels of land was purchased from defendant and it was held that the grantor in failing to defend the action became liable for the costs and reasonable counsel fees incurred in such defense. To the same effect is *Olmstead* v. *Rawson* (188 N. Y. 517).

Here the State made the contract with claimant. Engineers for the State made plans for the construction of the highway and staked out the location of the road. Claimant was directed to proceed with its work on such location and in the action referred to was compelled to cease operations. It then had to defend itself in the absence of a defense upon the part of the State, so that the question could be decided as to whether the location of the highway was upon public or private lands. It could not, of course, proceed with the work until that question had been determined. In the action it was held that the location of the road, as fixed by the State authorities and upon which location claimant was working, included lands which were not owned by the State but by private parties. In effect it meant that the State, in staking out the highway, had led claimant to believe that it was working on land acquired by the State, which was not the fact. The legal expenses were not incurred in litigation between the parties, but in an action between a third party and claimant, growing out of the

unlawful acts of the State. Under these conditions, and from the authorities cited, I am satisfied that claimant is entitled to recover from the State the damages caused by the delay in the work, the amount of the judgment rendered against claimant in the action in the Supreme Court and the fair and reasonable compensation and disbursements of counsel employed by claimant to defend the action. Decision is made in accordance with this opinion.

GREENBERG, J., concurs.