## Millette v. Barrett

*Reilly, Fogwell & Lentz*, for plaintiffs.

*Francis X. Hope, Jr.*, for defendants.

GAWTHROP, P. J., July 6, 1962. — Defendants filed motions for judgment n. o. v. and for new trial after a verdict against both of them in an action for breach of contract based on fraudulent misrepresentation by the seller in the sale and purchase of a house and lot. At argument they withdrew the motion for judgment n. o. v., and now press the motion for new trial solely as to one item of damages, being the amount of counsel fees plaintiffs incurred in a separate lawsuit arising out of the false representation. Both motions must be overruled.

Plaintiffs contracted to buy from Willowbrook Construction Company (Willowbrook), of which William Barrett was president, a tract of ground with a house being constructed thereon. The evidence justified the jury in finding that plaintiffs had no knowledge or notice of the existence of the easement of a water pipe line leading across the property from the water main in the highway in front of the premises to the lands of one Sucher, adjoining plaintiffs' premises in the rear, and furnishing Sucher's domestic water supply. At settlement in the office of a title company attended by Barrett, on behalf of Willowbrook, by both plaintiffs and by a Mr. Hale, representing a lending institution which was financing the purchase, the title company's settlement clerk asked what easements involved the property and Barrett answered, "the regular easements." Hale then asked, "The regular easements?"; and Barrett replied, "Yes." The wife plaintiff inquired what "regular easements" were and Hale replied, "Oh, telephone poles, electric lines." Barrett then said, "No easements." In reliance on Barrett's statement, plain-

tiffs paid the balance of the purchase price, took a deed to the premises, and entered into possession.

About three days later, plaintiffs were informed by Sucher of the existence of the easement of the water pipe line. They then consulted Richard C. Hopkins, Esq., of the Philadelphia Bar about the matter. Upon his advice they threatened to shut off Sucher's water supply, following which Sucher brought an action in equity against them in this court to enjoin their threatened interference with his easement and water supply. After hearing, a preliminary injunction was entered restraining plaintiffs from interfering with Sucher's enjoyment of the easement and that injunction was thereafter continued indefinitely.

Plaintiffs paid Mr. Hopkins a retainer fee of $100 in the equity suit. When he later requested an additional $100 on account of fees they were at that time financially unable to pay it. He has never rendered them a statement for his services but testified that he intended to do so, that he had never forgiven or waived their obligation to him, and that the fair and reasonable value of his services was $875, of which only the $100 retainer had been paid. Defendants assert that Mr. Hopkins' counsel fee of $875 is neither recoverable in this action under Pennsylvania law, nor fair and reasonable in amount, nor was it ever intended to be paid.

In the absence of statutory provision therefor counsel fees incurred *in the action trying* are not recoverable in Pennsylvania. However, that is not this situation. The fees here involved, while arising out of a common factual background, were incurred in a wholly separate action between the plaintiffs and the third party, Sucher, in an effort to avoid the consequences of an easement by implication which defendants with knowledge of its existence had falsely misrepresented to plaintiffs as being non-existent. The question then

is whether such fees arising out of a separate suit may be recovered in this action as damages flowing from defendants' false representation and being an injury or loss to plaintiffs which defendants had reason to foresee when the contract was made as a probable result of their breach of contract.

The trial judge in substance charged the jury on this question in accordance with the provisions of sections 330 and 334 of Restatement, Contracts. Those provisions are:

"§330. Foreseeability of Harm as a Requisite for Recovery.

"In awarding damages, compensation is given for only those injuries that the defendant had reason to foresee as a probable result of his breach when the contract was made. If the injury is one that follows the breach in the usual course of events, there is sufficient reason for the defendant to foresee it; otherwise, it must be shown specifically that the defendant had reason to know the facts and to foresee the injury.

"§334. Expense of Litigation Caused By Breach of Contract.

"If a breach of contract is the cause of litigation between the plaintiff and third parties that the defendant had reason to foresee when the contract was made, the plaintiff's reasonable expenditures in such litigation are included in estimating his damages."

While we have found no appellate decision in Pennsylvania sustaining plaintiffs' right to recover in this action their counsel fees incurred in the equity suit, in our view they are recoverable damages under the provisions of the Restatement and under the principle announced in Emerman v. Baldwin, 186 Pa. Superior Ct. 561.

In the Emerman case, plaintiffs sued for damages consequent on defendants' breach of an agreement to

rent them a house then under construction. Two items sought were certain fees of architects and interior decorators retained by Emermans to assist and advise them in furnishing and decorating the house. In that case, citing Restatement, §330, it was held that Baldwins must have foreseen that Emermans would have to make certain measurements to determine the quantity of carpeting to be bought as well as obtain professional advice about decorating the premises, and that having expended moneys for those purposes Emermans were entitled to recover such amounts as items of damage foreseeable by Baldwins at the time the contract was made. We believe the same principle applies here and that defendants should have foreseen at the time of settlement and delivery and acceptance of a deed for the premises that these plaintiffs would, or at least might, incur reasonable counsel fees in protecting what they believed to be their rights in connection with an existing easement they had been falsely told did not exist. Illustration no. 6 under Restatement, §334, is apposite here and supports plaintiffs' right to recover their reasonable counsel fees in the equity action.

The Supreme Court of New Jersey in Verhagen v. Platt, 1 N. J. 85, 61 A. 2d 892, sustained the right to recover counsel fees incurred by plaintiffs in litigation with a third party made necessary by defendants' breach of an agreement to pay all outstanding bills and accounts due by a corporation, all of the stock of which was the subject of sale by defendants to plaintiffs, where plaintiffs as purchasers of the stock were required to defend a claim of the government for Federal income and excess profits taxes for previous years. See also C.J.S., Damages, §50 c. This rule seems to apply in Massachusetts (Stiles v. Municipal Council of Lowell, 233 Mass. 174, 123 N.E. 615) and in New York (Madison County Const. Co. v. State, 31 N.Y.S. 2d 883).

The measure of damages applicable in a case of breach of contract is that the aggrieved party should be placed as nearly as possible in the same position he would have occupied had there been no breach. In other words, he is entitled to be reimbursed for the money actually paid out and for all reasonable and proper expenses incurred on the faith of the contract: Harman v. Chambers, 358 Pa. 516. In submitting to the jury the question of plaintiffs' right to recover the counsel fees in question, the trial judge left to them the determination of whether they were entitled to recover at all for that item and, if so, whether the amount claimed was fair and reasonable, all based on the testimony of Mr. Hopkins who, without contradiction, stated that he never had waived or forgiven his right thereto but always intended to claim the amount, as demonstrated by his getting a retainer at the outset and his request for an additional $100 on account. These matters were left to the jury together with the question of whether at the time of the contract defendants had reason to foresee that, as a probable result of their breach, such injury or loss to plaintiffs might result in the usual course of events so that defendants had sufficient reason to foresee them as reasonable expenditures by plaintiffs in litigation with a third party resulting from defendants' breach.

When invited so to do at the close of the charge to the jury, defense counsel made no request for additional instructions or for correction of the charge and took no exception whatever to the general charge, his only exception being to the refusal of his point for binding instructions. We, therefore, believe that since no basic or fundamental error appears there is no basis in law to support the motion for a new trial.

The motion for judgment n.o.v. is overruled.

The motion for new trial is overruled and a new trial is denied.