FRANK ANGELILLI CONSTRUCTION COMPANY, Plaintiff, *v.* SULLIVAN & SON, INC., Defendant and Third-Party Plaintiff. OHIO LIME COMPANY, Third-Party Defendant.

Supreme Court, Westchester County, December 15, 1966.

*Cerrato Nayor & Edmiston* for plaintiff. *Bleakley Platt Schmidt Hart & Fritz* for third-party defendant. *Nicholas F. Dyruff* for defendant and third-party plaintiff.

JOHN D. DILLON, J. The plaintiff is a builder who purchased a quantity of lime from the defendant which was claimed to be defective. An action to recover damages for breach of warranty was commenced against the supplier which in turn commenced a third-party action against the manufacturer seeking indemnification for all damages incurred by it in connection with this litigation. The jury returned a verdict of no cause of action on the original claim and on the third-party claim, and awarded damages to the third-party defendant on its counterclaim. One of the items of damages sought by the plaintiff in the third-party action was the legal expenses incurred by the supplier in the defense of the original action. The court reserved decision on the motion of the third-party defendant to dismiss this part of the original defendant's claim.

It is the general rule that counsel fees and other expenses incurred in conducting litigation cannot be taken into consideration in assessing damages except in a limited class of actions (*Avalon Constr. Corp.* v. *Kirch Holding Co.*, 256 N. Y. 137; *Agostini* v. *State of New York*, 255 App. Div. 264, 267). Those cases where the expenses of conducting litigation are a proper item of damages fall into two categories. The first category would be where there is an absolute and fixed duty by a third party to furnish a legal defense in an action and he fails to do so, as for example where an action is brought against the grantee of real property and the grantor has assumed a duty under the deed to defend such an action (see *Olmstead* v. *Rawson*, 188 N. Y. 517; *Charman* v. *Tatum*, 54 App. Div. 61, affd. 166 N. Y. 605). The present case does not come within that classification. The second category is where the action is characterized by malice (*Agostini* v. *State of New York, supra*), or where a party is involved in earlier litigation as the result of the wrongful act of his present adversary (*Shindler* v. *Lamb*, 25 Misc 2d 810, affd. 10 A D 2d 826, affd. 9 N Y 2d 621, and cases therein cited).

The jury in returning a verdict of no cause of action necessarily found that the lime furnished by the manufacturer was of fit and merchantable quality, and therefore there is no basis for a finding that the manufacturer was guilty of any wrongful act. The court could only reach the question of whether legal expenses are recoverable from a manufacturer in this type of case if the verdict in the original action had been in favor of the plaintiff. Accordingly, the court determines that the third-party plaintiff is not entitled to recover legal expenses from the third-party defendant.

Judgment may be entered in favor of the defendant dismissing the plaintiff's complaint, with costs, and in favor of the third-party defendant dismissing the complaint of the third-party plaintiff, and in favor of the third-party defendant against the third-party plaintiff in the sum of $3,550 with interest and costs.