WILLIAM T. RYERSON et al., Appellants, *v.* BENJAMIN A. WILLIS,
Respondent.

A purchaser of land, who has paid part of the purchase-money and given a
mortgage for the residue, will not be relieved against the security given
on the ground of defect of title, where there is no allegation of fraud in
the sale, and he has not been evicted.

By a contract of sale of certain premises in the city of New York, defend-
ant agreed to give a warranty deed, and also a quit-claim deed, or release
from the corporation ; if this could not be done at the time of the delivery
of the warranty deed, defendant was to indemnify so as to insure a de-
livery by May 25, 1875, but this not to affect defendant's responsibility
under his warranty. Plaintiff was to give a mortgage for a portion of
the purchase-price, which, it was agreed, was to remain as security for
the delivery of the quit-claim or release, and was not to be collectible
until such delivery. Defendant executed and delivered his warranty
deed, receiving the mortgage as stipulated. *Held*, that an action to have
the mortgage canceled and discharged because of defendant's failure to
procure and deliver the quit-claim or release within the time specified
was not maintainable.

(Argued April 26, 1880; decided June 1, 1880.)

APPEAL from order of the General Term of the Court of
Common Pleas, in and for the city and county of New York,
reversing a judgment in favor of plaintiffs, entered upon a de-
cision of the court on trial at Special Term, and granting a new
trial. (Reported below, 8 Daly, 462.)

This action was brought to have a mortgage executed by
plaintiffs to defendant upon certain premises purchased by the
former of the latter, canceled and discharged of record.

In the year 1873 the parties entered into a contract for the
sale by defendant and purchase by plaintiffs of certain lots for
$8,000. The contract provided that the plaintiffs should pay
$500 when the parties signed it, and $4,000 when the deed
was delivered. The rest of the purchase-money was to be se-
cured by a mortgage, payable three years after the deed was
delivered, and bearing interest, which was to be paid semi-an-
nually. May 25th, 1873, was the day fixed for the payment,
the delivery of the deed, and the mortgage. The title of the

defendant to the lots in question was doubted by the plaintiffs, and a matter of discussion between them and the defendant. They therefore inserted in their contract the following article :

" And it is further agreed that the party of the first part shall also deliver to the parties of the second part, a quit-claim deed or release from the mayor, aldermen and commonalty of the city of New York of said lots, and if said quit-claim or release cannot be then (at the delivery of the warranty deed) obtained, the said party of the first part shall execute and deliver to parties of the second part, his bond of indemnity to insure the delivery of said quit-claim or release deed on or before the 25th day of May, 1875 ; nothing in this clause contained is intended to weaken or diminish the responsibility of said Willis under his warranty deed, and under other clauses of this contract, and the mortgage herein provided for is also to remain as security for the delivery of said quit-claim deed or release, and is not to be collectible, either principal or interest, until the delivery of said quit-claim deed."

At the time specified defendant delivered his warranty deed, received the cash payment, and the mortgage in question conditioned as provided in the contract.

The defendant has never succeeded in obtaining from the city its release or quit-claim. On the 3d day of August, 1876, this action was begun.

*Erastus F. Brown* for appellants. Plaintiffs were not obliged to demand the quit-claim deed, it was defendant's duty to deliver it on the day fixed. (*Carpenter* v. *Brown,* 6 Barb. 147.) Plaintiffs having entered into the contract with defendant with their eyes open, and having protected themselves against the defects they saw, are entitled to have the mortgage canceled. (*Clute* v. *Robinson,* 2 Johns. 378 ; *Jenkins* v. *Fahey,* 73 N. Y. 355, 359 ; *Rogers* v. *Salmon,* 8 Paige, 559 ; *Foster* v. *Van Reed,* 70 N. Y. 27.) The mortgage is a cloud upon the title. (*Williams* v. *Ayrauld,* 31 Barb. 364 ; *Tisdale* v. *Jones,*

38 id. 523; *Haywood* v. *Buffalo*, 14 N. Y. 534; *Hatch* v. *City of Buffalo*, 38 id. 276; *Allen* v. *City of Buffalo*, 39 id. 386; *Crooke* v. *Andrews*, 40 id. 547; *Fonda* v. *Sale*, 48 id. 173; *Newell* v. *Wheeler*, id. 486; *Marsh* v. *City of Brooklyn*, 59 id. 280.) If the agreement had been recorded, the record would not have been notice. (*Boyd* v. *Schlesinger*, 59 N. Y. 301; *Washburne* v. *Burnham*, 63 id. 132.)

*William Settle* for respondent. The complaint contained no allegation that would justify the canceling of the mortgage. (*Perkins* v. *Giles*, 53 Barb. 342; *Meyer* v. *Betz*, 3 Robt. 173; *Adams* v. *Sage*, 28 N. Y. 103.) Plaintiffs having purchased the premises, being aware of the claim the city made thereto, and having executed the mortgage with that knowledge, must be held to their bargain. (Wait's Law of Actions and Defenses, 521, 522; *Craddock* v. *Shirley*, 3 A. K. Marsh. 288; 2 Kent's Com. [marg. n.] 471, 472.) The contract is an entirety and cannot be separated. (*Refeld* v. *Woodfalk*, 22 How. [U. S.] 318; *Ward* v. *Whitney*, 8 N. Y. 442; *Wescott* v. *Thompson*, 18 id. 363.) They should offer to put the respondent in the same position he was before the transfer of the premises. (*Ely* v. *Mumford*, 47 Barb. 629.) The mortgage was not a lien upon the premises, and was no cloud upon the title of the plaintiffs. (*Seymour* v. *Cowing*, 1 Keyes, 532; *Tuttle* v. *Love*, 7 Johns. 470.) No proper demand upon the respondent for the quit-claim deed or release to be executed was shown. (*Green* v. *McArthur*, 34 Barb. 450.)

MILLER, J. By the contract of sale between the defendant and the plaintiffs, the defendant was, in addition to the warranty deed, to deliver a quit-claim deed or release from the mayor, aldermen and commonalty of the city of New York of the lots conveyed; and if this could not be done at the time of the delivery of the warranty deed, he was to indemnify the plaintiffs, so as to insure a delivery before May 25, 1875. But it was expressly stipulated that a failure to comply with this condition should not affect the responsibility of the defendant

under the warranty deed, and that the mortgage of $3,500 which was to be given was to remain as security·for the delivery of the quit-claim or release, and not to be collectible, either principal or interest, until the deed was delivered. It thus appears that at the time the contract was executed, and at the time of the delivery of the deed to the plaintiffs, they were fully advised that the defendant was unable to give a perfect title, and that this could only be done by obtaining a quit-claim or release from the city. With full knowledge of this fact, the plaintiffs purchased the premises, executed the mortgage in question, to secure a portion of the consideration money, and entered into a stipulation by which it was agreed that a failure to deliver the release from the city authorities should stay the collection of the mortgage. By this arrangement the contract was not to become forfeited, or the mortgage to be canceled or surrendered, but it was to stand and remain in full force, and the amount secured by the mortgage was not to be collected until the delivery of the deed. The time designated for such delivery was not the essence of the contract, and the effect of a failure was only to postpone the payment of the mortgage until this was done. In view of the agreement made, it, therefore, can only be enforced when a release is obtained and delivered. While there may be objections to such a stipulation, it is to be presumed that the plaintiffs·understood the precise effect of the contract, and the difficulty of procuring the re-' lease provided for, and, therefore, they have no valid ground for claiming a cancellation of the mortgage. A purchaser of land, who has paid part of the purchase-money and given a mortgage for the residue, will not be relieved against the security given, on the mere ground of a defect of title, where there is no allegation of fraud in the sale and he has not been evicted. He will be remitted to his remedy at law upon the covenants in his deed. (*Abbott* v. *Allen*, 2 Johns. Ch. 519; *Bumpus* v. *Platner*, 1 id. 213, 218; 2 Kent's Com. 271, 272; Dart on Vend. and Pur. 378, 379.)

The defect here was known and understood, and was provided for in the contract. There was no fraud, and no reason

exists why the plaintiffs are entitled to equitable relief in this action. The authorities cited by the appellants' counsel to sustain the position that the plaintiffs have a remedy by an equitable action are not in point. The effect of a decree in favor of the plaintiffs would be to relieve them from payment of the mortgage, while they still retain possession of and title to the land under the warranty deed. They do not ask for a rescission of the contract as an entirety, but only to cancel the mortgage. As one who seeks equitable relief should do equity, this cannot be done, and the plaintiffs have no claim to enforce the contract where it is advantageous and to cancel it where it imposes an obligation to pay money. Such a course would be unjust and cannot be upheld upon any principle of equity. Nor can the plaintiffs' action be sustained upon the ground that the mortgage is a cloud upon plaintiffs' title. The cases in which a person may institute an action to remove a claim which is a cloud upon the title to his real estate are those in which the alleged cloud exists without right. As a general rule, unless the circumstances are such as to sustain an action for slander of title, the law regards the injury too speculative to warrant the interference of a court of equity, and the party affected must wait until the pretended title is asserted. (*Scott v. Onderdonk*, 14 N. Y. 9–14.)

It is also a sufficient answer to the point last considered, that by the terms of the agreement between the parties, the defendant has a right to retain the lien of his mortgage upon the premises conveyed.

The order was right and should be affirmed.

All concur; except RAPALLO, J., dissenting.

Order affirmed.