## ROAKE et al. v. SULLIVAN et al.

(Supreme Court, Special Term, Kings County. November 15, 1910.)

1. MORTGAGES (§ 415*)—FORECLOSURE—DEFENSES—BREACH OF COVENANT OF DEED.

In a suit to foreclose a mortgage given for purchase money, breach of a covenant of seisin in the deed to the mortgagor may be set up as a defense.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1220–1224; Dec. Dig. § 415.*]

2. COVENANTS (§ 125*)—BREACH—DAMAGES—COVENANT OF SEISIN.

While the grantee, when sued, may defend, and afterwards recover of the grantor, in an action on a covenant of seisin, the costs and expenses of his defense, he cannot himself sue to clear his title and recover the expenses of such suit, so that, where an undivided one twenty-eighth interest in the property conveyed was outstanding, and the grantee, instead of tendering back the deed and demanding the return of the purchase price and interest, commenced a partition suit against the owners of such outstanding interest, and bought it in at the sale, his measure of damages, in an action against the grantor for breach of covenant of seisin, was not the costs of the partition suit, including counsel fees and expenses, but one twenty-eighth of the purchase price paid, with interest.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 231, 236; Dec. Dig. § 125.*]

3. CANCELLATION OF INSTRUMENTS (§ 15*)—COVENANT OF SEISIN—BREACH—RELIEF.

If an outstanding interest in property purported to have been conveyed so affects the title that the grantee cannot use or dispose of the property, and it cannot be easily purchased, he may sue in equity to compel the grantor to perform his contract by acquiring such outstanding interest, and may in such suit tender back the deed and demand the return of the purchase price, not being confined to an action on the covenant of seisin.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 14, 21; Dec. Dig. § 15.*]

4. COVENANTS (§§ 97, 102*)—COVENANT OF WARRANTY AND QUIET ENJOYMENT.

Covenants of warranty and quiet enjoyment are not broken until eviction.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 137, 157; Dec. Dig. §§ 97, 102.*]

Action by Frank Roake and others against Hugh Sullivan and others. Judgment for plaintiffs, on conditions.

James C. Danzilo, for plaintiffs.
Henry W. Nelson, for defendant Sullivan.

CRANE, J. On September 22, 1898, the defendant Hugh Sullivan conveyed the premises described in the complaint by full-covenant and warranty deed to the plaintiffs and James Charder, and the latter, on April 2, 1904, likewise by full-covenant and warranty deed, conveyed his interest to the plaintiffs, who are now the owners and in possession

of the premises. A purchase-money mortgage was executed to Hugh Sullivan, the grantor, for part of the consideration price for his conveyance, which is now being foreclosed; these plaintiffs being defendants in the action and setting up, as I am informed, a breach of covenant by reason of the facts hereinafter stated.

This action has been brought by Frank Roake and Maria Roake, in equity, apparently, on the covenants in Hugh Sullivan's deed for damages arising out of a failure of title as to one twenty-eighth interest in the property, and relief is asked that these damages may be ascertained and offset against the amount due on the mortgage, which is being foreclosed. While I doubt the propriety of bringing such an action in equity, feeling assured that breach of covenant of seisin could be properly set up as a defense in the foreclosure suit, yet by consent and request of the parties I shall pass upon the measure of damage in case there was a breach. In this way settlement between the parties may be facilitated, or a proper defense to the foreclosure case assured.

Some authorities hold that breach of covenant is no defense to a suit for the purchase price, unless the purchaser has been evicted. Ryerson v. Willis, 81 N. Y. 277; McConihe v. Fales, 107 N. Y. 404, 14 N. E. 285; Grant v. Tallman, 20 N. Y. 191, 75 Am. Dec. 384. To the contrary, see Zafarano v. Baird, 80 App. Div. 144, 80 N. Y. Supp. 510; Merritt v. Gouley, 58 Hun, 372, 12 N. Y. Supp. 132; Walker v. Wilson, 13 Wis. 522; Brandt v. Foster, 5 Iowa, 287. The breach of covenant of seisin occurred, if at all, by reason of the fact that when Hugh Sullivan purchased the property, on April 19, 1883, at a partition sale, a one twenty-eighth interest had not been brought into the partition suit and was left outstanding. To arrive at the point in this case, we will assume that when Sullivan, on September 22, 1898, gave his full-covenant and warranty deed to Frank Roake and James Charder for $3,600, a one twenty-eighth undivided interest in the property was outstanding in parties whose ancestors should have been joined in the partition suit in 1883.

What is the measure of damage in an action brought on the covenant of seisin, where the title has failed to a one twenty-eighth undivided part? The plaintiff claims that he is entitled to recover all that it cost him to get rid of this one twenty-eighth interest, including counsel fees and expenses. He did not tender back the deed to the grantor; and demand a return of the consideration price and interest; but he commenced a partition suit against the parties owning the one twenty-eighth interest, and bought in at the sale, turning into the city chamberlain's hands the value of the one twenty-eighth interest as thus ascertained. The expenses and costs of this partition suit have amounted to about $1,000, which the plaintiff claims as the extent of his damage. He has adopted the wrong rule. The measure of his damage is one twenty-eighth of the consideration price paid, with (in this case) interest for the past six years.

Rawle on Covenants for Title (5th Ed.) § 186, says:

"Whatever may be the technical or the practical rule as to the measure of damages upon a total breach of the covenant of seisin, it is well settled that upon a partial breach a purchaser may, and it seems must, recover pro tanto. Thus where, in the early case of Gray v. Briscoe, one covenanted that he was

seised of Blackacre in fee simple, when in fact it was copyhold land, the jury were directed to give damages according to the rate at which the county valued fee simple more than copyhold land."

In Guthrie v. Pugsley, 12 Johns. 126, the grantors had a life estate in four-sixths of the premises and a fee in the remainder, and it was held, in an action on the covenant for seisin, that the damages should be measured by deducting the value of the life estate from four-sixths of the purchase money. The same rule has been applied in Tanner v. Livingston, 12 Wend. 83, at page 96, and in the oft-cited case of Morris v. Phelps, 5 Johns. 49, at pages 54 and 55, 4 Am. Dec. 323. In Lockwood v. Sturdevant, 6 Conn. 373, where an action was brought on the covenant of seisin, because the grantor had a life estate, instead of a fee, the value of the life estate was deducted from the purchase price to ascertain the damage. The case of Mills v. Catlin, 22 Vt. 98, applied the same rule of damage to an outstanding life estate.

Where the grantor, conveying with full-covenant and warranty deed, was only seised of one-half of the property as a cotenant, there being outstanding an undivided one-half interest in a third party, the damage recoverable was one-half the consideration price and interest. Administrators of Solomon Downer v. Smith, 38 Vt. 464. See, also, Dimmick v. Lockwood, 10 Wend. 142, and Reeves on Real Property, p. 1524, § 1144. The same rule has been applied and followed in Wager v. Schuyler, 1 Wend. 554, and Winslow v. McCall, 32 Barb. 241, at page 249. See this rule also given in 3 Washburn on Real Property (6th Ed.) p. 437.

I do not find that this rule for the measure of damage in a case like this has ever been departed from or reversed, but that it has been followed and sanctioned by the constant citation of the above authorities. However, in Hymes v. Esty, 133 N. Y. 342, 31 N. E. 105, it has been called a somewhat arbitrary rule, unjust in some of its opertions.

I do not think that a grantee would always be relegated to his action on the covenant for his remedy in a case like this, and that where an outstanding interest could not be easily purchased, and so affected the title that he could not obtain a loan or sell the property, or build upon it, he might have relief in equity in an action to compel the grantor to close out the outstanding interest—in other words, perform his contract and agreement—and in that suit might tender back a deed of the property and demand a return of the purchase money. I cannot find that any such action has ever been brought; but the authorities intimate that equity might grant such relief. Bingham v. Weiderwax, 1 N. Y. 509, and the notes to Staats v. Ten Eyck, 3 Caines, 111. In this last case Chancellor Kent reviews fully the reason for the rule which limits recovery to the aliquot part of the consideration price.

No tender back, however, of the deed to this property, and demand for the return of the purchase price, has been made, and it has now become impossible because of the partition action brought by the purchaser. The cases cited by the plaintiff, authorizing the recovery of costs, expenses and counsel fees, have been those wherein the plaintiff was sued by outstanding interests to recover possession, and he

unsuccessfully defended the eviction. The law is that the grantee, when sued, may defend his title and possession, and recover of the grantor on the covenants the costs and expenses of the defense. Olmstead v. Rawson, 188 N. Y. 517, 81 N. E. 456. No case, however, goes so far as to hold that the grantee may himself bring action to clear up the title and recover the expenses of his grantor.

This action must be based upon the covenant of seisin, as the covenant of warranty and quiet enjoyment are not broken until eviction, and the one twenty-eighth interest in this case has never disturbed plaintiff's possession, or even threatened so to do. My decision, therefore, is that, if the covenant of seisin were broken by the outstanding one twenty-eighth undivided interest, the measure of damage is one twenty-eighth of the consideration price, with interest.

I have not passed upon the defense of adverse possession, and shall leave this for further proof before me, if the parties so desire, or else leave it to be determined in the foreclosure action. Unless these parties settle all of the litigation arising out of the transaction herein, as they intimated they would do upon my giving them the measure of damage, I shall order that the entry of judgment herein be stayed until the determination of the foreclosure action.