712 HOLDING CORPORATION, Respondent, v. GREELEY BUILDING Co., INC., Appellant.

First Department, March 2, 1928.

Vendor and purchaser — marketable title — contract stipulated that seller would comply with notice of violation — notice of violation by fire department required installation of standpipe — defendant did not remove violation — plaintiff abated price $4,000 on resale — error to reject evidence as to amount abated — jury not fully instructed regarding measure of damages.

The plaintiff is suing to recover damages suffered through the failure of the defendant to remove a fire department violation against the property which it sold to the plaintiff, which violation it agreed to remove in the contract of sale. The violation consisted of the requirement that a standpipe be erected on the premises.   The plaintiff resold the property but was required to deduct $4,000 from the sale price.

It was error for the court after accepting expert testimony as to the cost of installation of the standpipe to strike out the testimony as to the amount which the plaintiff abated the sale price.   The measure of damages is the amount which the plaintiff reasonably lost by reason of the breach of the contract, which would be in this case the amount allowed by the plaintiff to its purchaser provided the jury found that such amount was reasonable.

The court failed to instruct the jury as to what constituted the measure of damages, the only instruction upon that being that the jury were the judges of what damages should be assessed against the defendant.

MERRELL, J., dissents.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 14th day of September, 1926, and also from an order entered on the 14th day of December, 1926.

*Robert Seelav*, for the appellant.

*Joseph Fischer* of counsel [*Louis J. Vorhaus* with him on the brief; *House, Grossman & Vorhaus*, attorneys], for the respondent.

PROSKAUER, J.   In a contract, by which the plaintiff agreed to buy and the defendant to sell certain real estate, the defendant

agreed that " All notes or notices of violation of law or municipal ordinances, orders or requirements noted in or issued by the Tenement House Department, Fire Department   *   *   *   or any other State or Municipal Department   *   *   *   affecting the premises *   *   *   shall be complied with by the seller and the premises shall be conveyed free of the same, and this provision of this contract shall survive the delivery of the deed." The deed was delivered. Thereafter the plaintiff discovered that there was a notice of violation filed by the fire department, which required the installation of a standpipe. The defendant neglected to cause the removal of this notice upon demand. The plaintiff had contracted to resell the property and by reason of the defendant's failure to comply with this provision of the contract the plaintiff was compelled to make an allowance of $4,000 to its vendee. It brought this action to recover damages for defendant's breach of the covenant to remove the notice of violation. The only evidence of damage in the record is expert testimony as to the cost of installation of the standpipe. That is in itself not the measure of damages, as the mere filing of the notice of violation was not an adjudication that there was a violation. The true measure of damages is the amount which the plaintiff reasonably lost by reason of the defendant's breach of covenant to remove the notice. That amount here would be the sum it rebated to its vendee, provided the jury found the allowance reasonable. The evidence of the cost of installation would be admissible as bearing upon the reasonableness of the allowance. The learned trial justice struck from the record, improperly we think, the testimony as to the amount of the allowance made by the plaintiff to its vendee. This left in the record no evidence of damage whatever, except the cost of installation of the standpipe. No instruction was given to the jury as to what constituted the measure of damage. The entire charge to the jury was a direction to find a verdict in favor of the plaintiff, with the addition: " You are the judges of what damages you shall assess in favor of the plaintiff against the defendant."

The case should be retried with the evidence which was stricken out presented for the jury's consideration under proper instructions.

The judgment and order should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

Dowling, P. J., McAvoy and Martin, JJ., concur; Merrell, J., dissents.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.