THERESA FUSILLI, Plaintiff, *v.* HELEN FELD, Defendant.

Supreme Court, Kings County, February 5, 1931.

*Emanuele Trotta,* for the plaintiff.

*W. Rossiter Redmond,* for the defendant.

HORTON, J. In 1919 the defendant sold to the plaintiff by full covenant warranty deed a one-family frame house and lot in Brooklyn. By the usual covenant against incumbrances she warranted that the premises were free from all incumbrances except certain mortgages. In 1928 the plaintiff contracted to sell the premises to one Josephine Scali, subject only to a mortgage incumbrance. The vendee then discovered that by a prior deed the premises were subject to a restrictive covenant running with the land against the erection of any building within ten feet of the street line. She began an action for specific performance of the contract, which was compromised and title passed, upon the plaintiff reducing the purchase price to the extent of $700 on account

of the restriction. The plaintiff now brings this action against the defendant to recover this $700 and $300 for attorney's fees in the specific performance action.

The restrictive covenant deprived plaintiff of the use for building purposes of ten per cent of the area of her premises. It was, therefore, a substantial limitation of her right of enjoyment of her property. It has been held that the covenant against incumbrances is broken where the land was subject to a covenant such as this that all buildings erected upon it should be set back a certain distance from the street. (See *Roberts* v. *Levy*, 3 Abb. Pr. [N. S.] 311.)

The measure of damage is the depreciation in value of the land by reason of the incumbrance. (See *Hansen* v. *Pattberg*, 212 App. Div. 49; *City of New York* v. *N. Y. & South Brooklyn Ferry & Steam Co.*, 231 N. Y. 18.)

Where the incumbrance is of a permanent nature, as in this case, such as the covenantee cannot remove, he is entitled to recover fair compensation for the injury resulting from its continuance and is not limited to the diminution of value as of the time of the conveyance. (See *Richmond* v. *Ames*, 164 Mass. 467, 477.)

From all the evidence in the case the court believes that the $700 allowed plaintiff's vendee was reasonable in amount, and that plaintiff is, therefore, entitled to recover the same from the defendant. (See *712 Holding Corp.* v. *Greeley Building Co.*, 223 App. Div. 96.)

The court also finds that the counsel fee was reasonable in amount and properly chargeable against defendant, particularly as notice was given the defendant that the claim for reduction was being made, with date of closing the sale, and that plaintiff would look to defendant for any damages which she might sustain.

Judgment may be entered against defendant for $1,000, with interest.