■ THOMAS P. DINNEAN et al., Respondents, v. DAVID C. LIEBLER et al., Appellants.— Appeal from a judgment entered on a decision rendered after trial in Supreme Court, Warren County. Plaintiffs were the owners of land along the Schroon River in Warren County and on August 29, 1957 made a contract to sell a part of it to defendants who had previously rented the premises as a summer camp. The contract provided that plaintiffs should deliver a warranty deed " conveying said premises free and clear from all liens, incumbrances ". On July 17, 1925 plaintiff's predecessors in title had granted an easement to the United States Geological Survey and the Adirondack Light and Power Corporation, duly recorded, which gave to the grantees " the perpetual right and easement to erect and maintain a stream gauging station upon the premises ". The instrument described in detail the appurtenances of the station and granted " the right * * * to enter upon said premises over the lands " of the grantors " from the public highway to obtain readings from and repair, rebuild and maintain said station ". A sketch is attached to the instrument showing the " approximate location " of the station on the bank of the river. Now located on this site is a building five feet by five feet on the edge of the river. Some uncertainty may exist on reading the record as to whether the easement described and the station erected are on the actual property contracted to be conveyed; but the public records offered in evidence indicating they are so located are not disputed or otherwise interpreted by plaintiffs. There is also an admission by one of the plaintiffs to this effect, which is not disputed. The main argument of plaintiffs seems to be that defendants were fully aware of the incumbrance but decided to take the land anyway and waived any objection to it. Plaintiffs have failed entirely to demonstrate on this appeal that the easement which on the face of the recorded instruments affects the premises agreed to be conveyed, in fact does not relate to these premises. Plaintiffs do not even argue that the easement does not relate to the premises described, but contend that " defendants never intended to purchase that portion of the premises referred to as the U. S. Geological Survey Building " and " defendants were entirely familiar with the whole situation ". What was intended is conclusively fixed by the contract of sale which undertook to convey a title free and clear of incumbrances (*Wallach* v. *Riverside Bank,* 206 N. Y. 434) and knowledge of the existence of the incumbrances by the purchasers would not defeat their right to have a deed to an unincumbered title (*Huyck* v. *Andrews,* 113 N. Y. 81; *Pryor* v. *City of Buffalo,* 197 N. Y. 123). Judgment reversed and judgment directed for defendants, with costs. Settle order with appropriate findings. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.