◼ TANNERS REALTY CORPORATION, Appellant, v CARMEN RUGGERIO, Respondent. — Casey, J. Appeal from an order of the Supreme Court in favor of defendant, entered July 12, 1984 in Fulton County, upon a decision of the court at Trial Term (Ford, J.), without a jury.

On August 21, 1981, plaintiff contracted to sell defendant 10.24 acres of industrial land in the City of Gloversville for $38,912. Defendant intended to build a leather treatment plant on the land and conditioned the agreement upon his obtaining a $300,000 mortgage. Additionally, the agreement provided for "a warranty of fiduciary deed with lien convenant [*sic*] conveying good and marketable title to said premises, except for utility easements and except none". The closing date was set for September 30, 1981 subject to reasonable adjournments. The closing having failed, plaintiff has sued herein for specific performance or, alternatively, for damages for the purchase price as stated in the agreement. Defendant affirmatively alleged his inability to obtain the requisite mortgage loan and plaintiff's inability to provide a marketable title to the property free and clear of all liens, restrictions and easements, except utility easements.

It is undisputed that parcel V of the land was subject to an easement that provided: "SUBJECT HOWEVER, to the right which Edward S. Parkhurst and Harlan P. Shutts reserved of extending or permitting to be extended upon and across the lands above described to the lands southerly thereof, the Railroad switch which is upon the lands immediately to the north of the lands hereby conveyed and going upon the lands hereby conveyed for the purpose of repairing or operating said switch."

After a nonjury trial, Trial Term denied specific performance to plaintiff due to the unmarketability of the title caused by the railroad easement. Trial Term further decided that plaintiff

failed to prove any monetary damages and dismissed that cause of action as well.

In view of the clear and unequivocal wording of the agreement, wherein plaintiff was required to convey title "except for utility easements and except none", we agree with Trial Term that the railroad easement rendered title unmarketable. In *Pryor v City of Buffalo* (197 NY 123, 136), the Court of Appeals held that even with the grantee's knowledge of a railroad easement, his right to object to the unmarketability of title was not defeated. The reasoning of the *Pryor* decision was adopted by this court in *Dinnean v Liebler* (8 AD2d 920, *affd* 8 NY2d 759). Consequently, plaintiff's contention that defendant's knowledge of the easement prior to the date set for closing constituted a waiver of this defense is misplaced. Since there is no evidence herein to establish that plaintiff ever cured the title defect, it would have been inequitable for Trial Term to have granted plaintiff specific performance (*cf. Telmark, Inc. v Ayers,* 80 AD2d 698, 699, *appeal dismissed* 54 NY2d 760), and defendant's failure to give plaintiff an opportunity to clear title does not alter this conclusion.

Likewise, since plaintiff has failed to prove that it has sustained any monetary or other damages on account of the nonconsummation of the contract, Trial Term's determination in that regard was also proper.

Defendant has not appealed from the dismissal of his counterclaim seeking recovery of his down payment, apparently in recognition of his failure to afford plaintiff an opportunity to clear title if that could be accomplished without difficulty in a reasonable time (*see, Cohen v Kranz,* 12 NY2d 242, 246).

Plaintiff's other alleged errors are inconsequential. Accordingly, the order appealed from should in all respects be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.