■ Jane H. Holliday, Respondent, v Carl A. Zambuto et al., Appellants.—Order unanimously affirmed with costs.

Memorandum: Plaintiff sues for specific performance of a real estate sales contract, and defendants counterclaim to recover the down payment on the contract in the sum of $10,000. Defendants moved for summary judgment on the counterclaim. Supreme Court denied the motion, and we affirm.

Defendants contend that they justifiably withdrew from the contract because plaintiff is unable to convey the property free of encumbrances as required by the agreement. They refer specifically to an oil and gas lease, a right-of-way agreement (pipeline) and a telephone company easement. While a purchaser may refuse to "accept title subject to an encumbrance if the contract specifies conveyance of title free of all encumbrances" *(Rhodes v Astro-Pac, Inc.,* 41 NY2d 919, 920), the language of the contract between the parties leaves unclear whether the oil and gas lease was a known and accepted encumbrance. That issue may not be resolved as a matter of law on a motion for summary judgment. Nor can we resolve on this record whether the right-of-way agreement and the telephone company easement were incurable defects in title since it is questionable whether plaintiff was afforded an opportunity to cure the defects within a reasonable time *(see, Ilemar Corp. v Krochmal,* 44 NY2d 702; *Cohen v Kranz,* 12 NY2d 242, 246). These and other issues of fact require a trial. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.