■ LILLIAN G. WHITMAN, Appellant, v ROBERT LARSON et al., Respondents.—Mikoll, J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered December 5, 1989 in Warren County, which granted defendants' motion for summary judgment, and (2) from the judgment entered thereon.

This case presents the issue of whether Supreme Court erred in granting defendants' motion for summary judgment dismissing plaintiff's complaint which sought specific performance of a contract. The record discloses that on May 12, 1989, the parties entered into a contract of sale of realty which required plaintiff to "execute and deliver to [defendants] a good and sufficient warranty deed conveying to [defendants] the fee simple of the premises". Plaintiff was also required to provide "good and sufficient title" to the property. The description of the property which was attached to the contract made no reference to a right-of-way. Prior to the final date set for closing, plaintiff presented defendants with a preliminary certificate of title which indicated the existence of a right-of-way. A survey of the premises confirmed the existence of a right-of-way across the property, which provided access to an adjacent property. Defendants rejected any conveyance of title not free of the right-of-way and demanded return of their $50,000 deposit. Plaintiff thereafter commenced this action for specific performance. Defendants counterclaimed for recovery of the down payment and damages. After issue was joined, defendants moved for summary judgment dismissing the complaint. The motion was granted and

Supreme Court also directed judgment in favor of defendants on their counterclaims. This appeal by plaintiff ensued.

Plaintiff, in opposition to defendants' motion for summary judgment, provided an affidavit of Sandra Lyford, a real estate agent, which indicated that defendants were shown the realty by Lyford; that the right-of-way was readily visible to defendants during two physical inspections made of the property; that defendants inquired as to ownership of the road and were told that it belonged to plaintiff but that the adjacent property owner had an easement over it; and that defendants were shown a survey map of the property and were given an abstract thereof, both of which showed the right-of-way. An affidavit of Sharon Davies, a representative of the realty firm which listed the property, also averred that she provided defendants with a survey map at the time that she showed defendants the property and that the right-of-way was readily visible.

Defendants' motion for summary judgment was supported by, *inter alia,* a copy of the survey, the realty agreement and an affidavit by defense counsel averring that the term "good and sufficient title" meant "marketable title" and that the existence of the right-of-way constituted a breach of contract. The affidavit of defendant Robert Larson acknowledged awareness of the road in question and that a neighbor was using it, but disclaimed knowledge that it was an encumbrance on the property.

A purchaser of land is entitled to marketable title unless the contract indicates otherwise. A purchaser is entitled to property which may be freely made the subject of resale *(Trimboli v Kinkel,* 226 NY 147, 152). Defendants here contend that use of the term "good and sufficient title" is synonymous with the term "marketable title".

The term "good and sufficient deed" has been defined as follows: "To constitute a 'good and sufficient deed' of land, the conveyance must be good and sufficient to convey a valid title to the premises. Thus, where the grantor does not have title to the land or where his title is imperfect, a covenant to convey land by a good and sufficient warranty deed is not satisfied by merely giving a deed with a warranty. It is the title to the premises which the purchaser requires, and not a piece of parchment which is good in form but ineffective for the purpose of transferring title" (1A Warren's Weed, New York Real Property, Contracts, § 10.08 [2] [4th ed]). We find that there is a question of fact as to what the parties intended to convey by the use of the term "good and sufficient title",

especially in light of the actual notice to defendants of the existence of the roadway across the property and its use by the adjacent property owner to gain access to the latter's property.

Defendants correctly urge that knowledge of an easement does not defeat a purchaser's right to object to the unmarketability of title, nor does it defeat his right to recover damages for breach of covenants contained in the deed (see, *Tanners Realty Corp. v Ruggerio*, 111 AD2d 974, 975, *lv denied* 65 NY2d 611). A vendee is presumed, however, to have contracted to accept the land subject to visible easements of an open and notorious nature (62 NY Jur, Vendor and Purchaser, § 76, at 314; see, 2 Warren's Weed, New York Real Property, Easements, § 20.01 [4th ed]). The language employed in the contract at hand providing for "good and sufficient title" leaves unclear whether the road observed by defendants was a known and accepted encumbrance. It is also unclear whether this road affected title, that is, whether the encumbrance was substantial and material so as to affect marketability, as contemplated by the parties' contract (see, *Laba v Carey*, 29 NY2d 302). These matters need to be resolved by the trier of fact.

Defendants also contend that the easement breached the contract to provide a "good and sufficient warranty deed" because the easement breached the warranties of quiet enjoyment and title. This also constitutes a question of fact, that is, whether the easement materially impaired the value of the premises and whether it interfered with the use and possession thereof as to constitute actual or constructive eviction from the premises or some portion thereof (see, *Holliday v Zambuto*, 149 AD2d 961).

Order and judgment reversed, on the law, with costs, and motion denied. Mahoney, P. J., Mikoll, Yesawich, Jr., Crew III and Harvey, JJ., concur.