■ GERARD WEBSTER et al., Respondents, v GIACINTO M. RAGONA et al., Defendants, and WALTER A. PEETERS, Appellant. [836 NYS2d 381]—

Spain, J. Appeal from an order of the Supreme Court (Dowd, J.), entered April 19, 2006 in Otsego County, which granted plaintiff's motion for partial summary judgment.

Prior to 1994, defendant Walter A. Peeters (hereinafter defendant) owned two adjacent commercial properties, known as 26 Main Street and 32 Main Street, in the City of Oneonta, Otsego County. In 1994, defendant sold 32 Main Street to defendants Giacinto Ragona and Antoinette Ragona, together with—in a separate instrument—an easement along the driveway between the Main Street parcels which runs from Main Street to a parking lot located at the rear of the properties (*see Webster v Ragona*, 7 AD3d 850, 854 [2004]). Before the easement was recorded, defendant sold 26 Main Street to plaintiffs. The warranty deed transferring title to plaintiffs omitted any mention of the easement.

In this action by plaintiffs to quiet title, it was previously determined that plaintiffs had notice of the easement when they purchased 26 Main Street and, accordingly, the Ragonas' right to the easement was upheld despite the fact that the easement had not been recorded until after the transfer of 26 Main Street to plaintiffs (*id.*). Plaintiffs now move for summary judgment against defendant for breach of the warranty and covenants in their deed. Supreme Court granted summary judgment and ordered an inquest on damages. On defendant's appeal, we affirm.

Defendant's assertion that plaintiffs had actual knowledge of the easement prior to taking title presents no defense to the alleged breach of their deed covenants. "[K]nowledge by the grantee of existing easements or incumbrances or defects in the title conveyed to him does not defeat his right to recover damages for the breach of covenants contained in the deed" (*Callanan v Keenan*, 224 NY 503, 508 [1918]; *see Patten of N.Y. Corp. v Geoffrion*, 193 AD2d 1007, 1008 [1993], *lv denied* 82 NY2d 654 [1993]; *Whitman v Larson*, 172 AD2d 968, 970 [1991]; *Tanners Realty Corp. v Ruggerio*, 111 AD2d 974, 975 [1985], *lv denied* 65 NY2d 611 [1985]).* Accordingly, Supreme Court properly awarded summary judgment to plaintiffs.

Further, we find that plaintiffs may recover the counsel fees incurred in connection with their action to quiet title. A grantee

---

* "There is in this state one exception to the rule that the existence of an easement constitutes a breach of the covenant against incumbrances, and that is in the case of a highway" (*Huyck v Andrews*, 113 NY 81, 85 [1889]).

who is forced to defend title warranted by the grantor may recover legal fees (see *Olmstead v Rawson*, 188 NY 517, 522 [1907]; *Charman v Tatum*, 54 App Div 61, 64 [1900], *affd* 166 NY 605 [1901]). Here, plaintiffs commenced an action against the Ragonas to quiet title. The law in this state is unsettled as to whether a covenantee who initiates an action to perfect title—in contrast to one who is called upon to defend an action brought by one holding paramount title—is entitled to recover the costs of the action (*compare Roake v Sullivan*, 69 Misc 429, 433 [1910], *and* 43A NY Jur 2d, Deeds § 167, at 92, *with Fusilli v Feld*, 139 Misc 170, 171 [1931]). We hold that such fees are recoverable where, as here, the covenantees had a reasonable basis to presume the action would be successful. Finally, we find that plaintiffs' failure to specifically request counsel fees in the complaint does not preclude recovery where the complaint alleged that the Ragonas' use of their property would result in "damages *and* a diminution of the value of plaintiffs' property" (emphasis added), and Supreme Court determined that such fees were, in this instance, just (*see* CPLR 3017 [a]; *see also Marotta v Blau*, 241 AD2d 664, 664-665 [1997]).

We have considered defendant's remaining contentions and find them to be unavailing.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.