*626 In an action, inter alia, to recover down payments made pursuant to four contracts for the sale of real property, the defendants/counterclaim plaintiffs, Nevins Realty Corp., Armco Development, LLC, and Raymond McKaba, appeal from (1) an order of the Supreme Court, Kings County (Demarest, J.), dated April 22, 2009, which, among other things, granted the motion of the plaintiffs/counterclaim defendants and the additional counterclaim defendant for summary judgment on the complaint, and (2) a judgment of the same court dated October 16, 2009, which, upon the order, inter alia, is in favor of the plaintiff/counterclaim defendant 345 Schermerhorn, LLC, and against them jointly and severally in the principal sum of $1,421,150, in favor of the plaintiff/counterclaim defendant 325 Schermerhorn, LLC, and against the defendant/counterclaim plaintiff Nevins Realty Corp. in the principal sum of $200,000, in favor of the plaintiff/counterclaim defendant 359 Schermerhorn, LLC, and against the defendants/counterclaim plaintiffs Nevins Realty Corp. and Raymond McKaba jointly and severally in the principal sum of $750,000, in favor of the plaintiff/ counterclaim defendant 359 Schermerhorn, LLC, and against the defendant/counterclaim plaintiff Nevins Realty Corp. in the principal sum of $250,000, and in favor of the plaintiff/ counterclaim defendant 350 Livingston, LLC, and against the defendant/counterclaim plaintiff Nevins Realty Corp. in the principal sum of $1,000,000.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed, with one bill of costs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The present controversy involves four contiguous parcels of real property located at 325 Schermerhorn Street, 345 Scherm *627 erhorn Street, 359 Schermerhorn Street, and 350 Livingston Street in Brooklyn. Each of the four plaintiffs/counterclaim defendants is a limited liability company that is named for the address of the parcel that the company was formed to acquire. The plaintiffs/counterclaim defendants (hereinafter the purchasers) planned to consolidate all four lots in order to construct a 60-story, mixed-use building on the site.
Among other provisions, each purchase agreement provided that the seller of the particular parcel would convey the subject parcel “free of all encumbrances, except as . . . stated” therein. In addition, each purchase agreement provided that if the seller was unable to convey title in accordance with the terms of the particular purchase agreement, the seller would refund the purchaser’s down payments, plus the cost of any title search or survey. In two separate riders to each of the purchase agreements dated May 8, 2007, and December 4, 2007, respectively, the parties added a simultaneous closing and cross-default provision, which recited that the closings for all four properties must take place simultaneously, and that a default under one of the purchase agreements would constitute a default under all four purchase agreements.
After the purchasers made certain down payments, they discovered that there was a subway or transit easement running under 359 Schermerhorn Street and 350 Livingston Street. It is undisputed that the transit easement was not listed as an exception to title in the relevant purchase agreements. Pursuant to the simultaneous closing and cross-default provisions, the failure of the defendants/counterclaim plaintiffs (hereinafter the sellers) to deliver the title without the encumbrance of the easement on these two of the four subject parcels constituted a default under all four purchase agreements.
The purchasers and the additional counterclaim defendant established their prima facie entitlements to judgment as a matter of law on the causes of action to recover the down payments and the related costs specified in the complaint, based on the clear and unambiguous terms of the purchase agreements (see Fiore Dev. Corp. v Villa Gaudio, 194 AD2d 587 [1993]; Patten of N.Y. Corp. v Geoffrion, 193 AD2d 1007 [1993]). Since the sellers failed to raise a triable issue of fact that required a trial, the Supreme Court properly granted the motion of the purchasers and the additional counterclaim defendant for summary judgment on the complaint (see Barrera v Chambers, 38 AD3d 699 [2007]; Barasky v Huttner, 210 AD2d 367 [1994]).
Contrary to the sellers’ contentions, the purchasers’ alleged knowledge of the transit easements did not defeat their right to *628 object to the title (see City of New York v New York & S. Brooklyn Ferry & Steam Transp. Co., 231 NY 18, 26-27 [1921]; Pryor v City of Buffalo, 197 NY 123, 136 [1909]; Huyck v Andrews, 113 NY 81, 85 [1889]; Patten of N.Y. Corp. v Geoffrion, 193 AD2d at 1008; Dinnean v Liebler, 8 AD2d 920 [1959], affd 8 NY2d 759 [1960]; Clark v Riverhead Sav. Bank, 260 App Div 1022 [1940], affd 286 NY 588 [1941]; Atlas Realty of E. Meadow v Ostrofsky, 56 Misc 2d 787 [1967]). .
Moreover, those provisions in the purchase agreements which stated that the purchasers would accept the several premises “as is” did not negate the sellers’ obligation to convey the premises free of all encumbrances except those that were specifically mentioned in the purchase agreements. As a general rule, an “as is” clause in a contract for the sale of real property refers to the physical condition of the premises, not a title impediment (see International Clinical Labs., Inc. v Stevens, 710 F Supp 466, 469 [1989]; Redner v City of New York, 53 Misc 2d 148, 151 [1967]).
Furthermore, the sellers’ conclusory allegations of bad faith were not sufficient to defeat the purchasers’ and the additional counterclaim defendant’s motion for summary judgment (see Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281-282 [1978]; Shapiro v Health Ins. Plan of Greater N.Y., 7 NY2d 56, 64 [1959]; Marx v American Home Assur. Co., 203 AD2d 197 [1994]; Nassau Diagnostic Imaging & Radiation Oncology Assoc. v Winthrop-University Hosp., 197 AD2d 563 [1993]).
The sellers’ remaining contentions are without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur. [Prior Case History: 23 Misc 3d 1109(A), 2009 NY Slip Op 50686(U).]